UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KENNETH L. YORK,

    Petitioner,

v.                                               Case No. 2:12cv653

ERIC D. WILSON, Warden,
FCI Petersburg Medium,

    Respondent.[1]

## REPORT AND RECOMMENDATION

Before the Court is what has been docketed as a Petition for a Writ of *Habeas Corpus* ("Petition") filed on December 3, 2012 pursuant to 28 U.S.C. § 2241 ("§ 2241"), ECF No. 1. The Petition was referred to the undersigned U.S. Magistrate Judge ("undersigned") pursuant to a referral order dated April 5, 2013 from the U.S. District Judge, ECF No. 2, and pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72. On August 21, 2013, the undersigned issued an order that directed the Petitioner "to clearly and concisely state the claims for which he is seeking *habeas* relief under § 2241" by filing an amended petition. ECF No. 13. Specifically, "because it appears the Petitioner is collaterally attacking his conviction or sentence," the Court directed the Petitioner to address

---

[1] In the previous order, the Court directed the Clerk to amend the caption of this case to reflect the Respondent's name as the warden of the facility of the Petitioner's current incarceration. In the Amended Petition, the Petition still names as Respondents the United States Central Command, "T. Bloomfield," "Chris K.," and the Central Intelligence Agency. However, as before, "[w]henever a § 2241 *habeas* petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004) (citations and footnote omitted). Because the Petitioner is currently confined in Federal Correctional Institution Petersburg Medium, he correctly filed the § 2241, to the extent it can be construed as such, in the Eastern District of Virginia. However, as the above Respondents are improper, the Court has again, substituted them with the warden of the facility in which the Petitioner is presently incarcerated.

why the remedy under 28 U.S.C. § 2255 is inadequate. The Petitioner was advised that a failure to clearly and concisely state his claim and grounds for relief would result in the U.S. Magistrate Judge recommending to the U.S. District Judge that the Petition be dismissed without prejudice. The Petitioner filed an "Amended Petition" on October 16, 2013 that is as equally unclear and unintelligible as the original Petition, and thus fails to comply with the Court's order. Accordingly, the undersigned **RECOMMENDS** the Petition, ECF No. 1, and the Amended Petition, ECF No. 18, be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to the Petitioner's right to file a proper petition. The Petitioner's pending motions, a motion for a preliminary injunction, ECF No. 12, and a motion for a ruling on the motion for a preliminary injunction, ECF No. 17, are **DENIED** as moot.

## I. BACKGROUND

The Petitioner is currently incarcerated at the Federal Correctional Complex in Petersburg, Virginia serving a 365 month sentence that was imposed by the U.S. District Court for the Western District of Virginia on March 7, 2003, after the Petitioner pled guilty to transporting a minor in interstate commerce with the intent to engage in unlawful sexual activity, in violation of 18 U.S.C. § 876, and threatening to assault or murder a federal law enforcement agent, in violation of 18 U.S.C. § 115. The Petitioner's sentence was affirmed on direct appeal. *See United States v. York*, 92 F. App'x 937 (4th Cir. 2004). The United States Supreme Court denied certiorari on October 4, 2004. 125 S. Ct. 301.

## II. DISCUSSION

District courts must liberally construe *pro se* petitions and pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, courts are not required to "discern the unexpressed intent

of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (citation omitted). "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). The Court finds the Amended Petition deficient, just as the original Petition was deficient, because the Petitioner fails to clearly and concisely state the claims for which he is seeking *habeas* relief under § 2241.

"[C]hallenges to the execution of a federal sentence are properly brought under 28 U.S.C. § 2241," *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citation omitted), such as claiming a miscalculation of the award of good-time credits or complaining about the conditions of incarceration. In his Amended Petition, the Petitioner claims he is challenging: (1) how his sentence is being carried out, calculated, or credited by prison or parole authorities; (2) pretrial detention; (3) detainer; (4) the validity of his conviction or sentence as imposed; (5) disciplinary proceedings; and (6) "Other: CIPA – classified information proceedures [sic] act and the judiciary courts handling of sensitive national defense foriegn [sic] relations intelligence." ECF No. 18 at 2. Specifically, when asked to provide more information about the decision or action he is challenging, and the name and location of the agency or court, the Petitioner responded: "Central Intelligence Agency's actions and inactions pertaining to investigation records of petitioner." *Id.* Moreover, the Petitioner claims that 28 U.S.C. § 2255 is inadequate to challenge his conviction or sentence because: "Both the title 28 U.S.C. § 2255 as well as the title 5 U.S.C. § 552 Freedom of Information Act are both inadequate and ineffective to challenge the numerous areas used to withhold national security and defense investigative records as well as the sensitive

3

nature of foriegn [sic] relations intelligence in this case- and wherein the court via 2241 provides an avenue that could prevent any further, more serious manifestations of legal actions against the respondents and United States in this case." *Id.* at 5.

As his grounds for relief, the Petitioner writes:

Ground One: Petitioner has been denied the right of freedom of speech, freedom to use the press/media to redress a grievance of Government actions/inactions, wherein Government actions/inactions resulted in an unlawfully obtained criminal conviction of Petitioner. The Petitioner attempted numerous times to address the Governments [sic] interests in Petitioner, wherein, no response/reason given [sic] the Petitioner attempted to take numerous complaints/concerns to the press wherein after two separate and deliberate actions where [sic] taken to prevent further communications with various persons – including but not limited to – an attack in Wash D.C. and the prevention of further assistance from the Wash Post.

Ground Two: Due process and the right to assistance of legal counsel and a trial by jury. Petitioner prepared for 18 months in Riverside Calif [sic] for a trial by Jury – wherein the Federal Government removed Petitioner two days before trial – although the State repeatedly addressed the Governments [sic] failure to respond or act in this case for over a year – wherein the Federal Government and the Courts officer's coerced the Petitioner to enter a guilty plea on a false and maliciously intended fraudulent advise [sic].

Ground Three: The fourth amendment wherein a person of the United States expects to be secure in there [sic] person; place, and things – and the use of various – Government Agencys [sic] – resulted in numerous and intolerable privacy concerns and family, friends, and personal relationships, involvement. Numerous complaints to the Governments, FBI to Secret Service to not involve and or cause fear to family, friends, relations, during the numerous investigations conducted over a long time – including but not limited two [sic] a very disruptive investigation conducted due to my not returning home for two days as a 15 year old in Sand Diego, Calif [sic], wherein family friends and school children were caused to be feared due [sic] agents behavior in the field – no response!

Ground Four: The Governments [sic] interests aside – the interpretations of said interests, by unknowing field agents of the FBI and others resulted on numerous occasions – for agents to persue [sic] a malicious even fraudulent investigation or worse as in this case a conviction. The Petitioner has repeatedly filed complaints regarding the actions + [sic] inactions of Agents and Agencys [sic] including numerous attempts to obtain medical, dental, psychological health services during incarceration and repeatedly refused, denied, delayed and finaly [sic] found moot

> by Courts do [sic] to a minimal response, resulting only in further retaliations and delays – these cruel and unusual punishments have made the concerns more difficult to address for correction.

*Id.* at 6-8. As his request for relief, the Petitioner wants the Court to "appoint an appropriate officer to assist the petitioner through the various stages up to and including adequate counseling through any further Court related concerns – the Agency appointed an officer under the Chris K file and an overt contact would be a really good start at this point in time." *Id.* at 8.

The Petitioner's Amended Petition does not state a cognizable claim for relief under 28 U.S.C. § 2241. To the extent the Petitioner is challenging the circumstances of his confinement, he is advised that such a claim is also not proper under 28 U.S.C. § 2241. *See generally* 42 U.S.C. § 1983. After giving the Petitioner an opportunity to amend his original Petition, so that he could more clearly and concisely state a claim for relief, the Amended Petition still fails to assert factual allegations that would give rise to a valid basis for relief that this Court has authority to grant under 28 U.S.C. § 2241. Notably, the Petitioner has filed multiple *habeas* petitions in other federal courts across the country. The Petitioner's previous petitions were subsequently dismissed for similar reasons; namely, a failure to clearly and concisely articulate the claim for which he sought relief. *See, e.g., York v. United States*, 7:04-cv679, ECF No. 15 (W.D. Va. Apr. 1, 2005) (dismissing a 28 U.S.C. § 2255 petition); *York v. McCulley*, 1:05-cv-1250, ECF No. 16 (D. Colo. Aug. 11, 2005) (dismissing §2241 petition because the Court could not discern the requested relief after repeated attempts of clarification); *York v. Correctional Custody Official T. Bloomfield*, 4:11-cv-209, ECF No. 10 (D. Ariz. June 29, 2011) (describing the § 2241 petition as "rambling and virtually incomprehensible."). Because the Court finds that the Petitioner failed to state a cognizable claim pursuant to 28 U.S.C. § 2241, it is recommended

that the original Petition and Amended Petition be dismissed. *Cf. Burton v. United States*, 5:11cv88, 2012 WL 1933667 (N.D. W.Va. May 25, 2012) (adopting in full the U.S. Magistrate Judge's recommendation that the § 2241 petition be dismissed for failure to state a claim).

### III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, and the Amended Petition, ECF No. 18, be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to the Petitioner's right to file a proper petition. Accordingly, ECF Nos. 12 and 17 are **DENIED**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91

(4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and to the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

---
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 16, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Kenneth L. York, #09306-084
Petersburg 1000
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Petersburg, Virginia 23804
*Pro Se* Petitioner

Eric D. Wilson, Warden
Federal Correctional Institution
P.O. Box 1000
Petersburg, Virginia 23804
Respondent

Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
December 17, 2013

8